IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| XZAVIER QUANTREZ MITCHELL, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | No. 5:25-CV-407 (CAR) |
| v. | : | |
| | : | |
| EQUIFAX INFORMATION SERVICES, INC., | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**ORDER GRANTING MOTION TO AMEND COMPLAINT**

Before the Court is *pro se* Plaintiff Xzavier Quantrez Mitchell's Motion for Leave to File First Amended Complaint [Doc. 5] seeking to add additional allegations to his claim under the Fair Credit Reporting Act ("FCRA") against Defendant Equifax Information Services. Plaintiff attached his proposed First Amended Complaint to his Motion.[1] Defendant did not respond to Plaintiff's Motion.

Plaintiff originally filed his Complaint in the Superior Court of Baldwin County, Georgia on June 24, 2025. Equifax was served on August 20, 2005, and on September 19, 2025, Equifax removed the case pursuant to this Court's federal question jurisdiction. Seven days later, Equifax filed a motion to dismiss arguing Plaintiff failed to state a claim upon which relief may be granted. Approximately one month later, on October 22, 2025,

---

[1] Plaintiff's Proposed First Amended Complaint, [Doc. 5-1].

Plaintiff filed the current Motion to amend his Complaint before the Scheduling and Discovery Order was entered.

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides that a party may amend its pleading once as a matter of course within certain time constraints.[2] Where, as in this case, the time to amend as a matter of course has passed, a party may amend its pleading only by leave of court or by written consent of the opposing party.[3] Generally, when leave to amend is sought, "it shall be freely given when justice so requires."[4] Indeed, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[5] Such reasons include undue delay, undue prejudice to defendants, futility of the amendment,[6] and failure to state a viable claim as a matter of law.[7]

In this case, it does not appear that any of the substantial reasons for denying the Motion to Amend exist. The additional allegations Plaintiff seeks to add provide more details to his original claims, and Defendant will suffer no prejudice. Moreover, Plaintiff is proceeding *pro se.* The United States Court of Appeals for the Eleventh Circuit has "held that when a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the

---

[2] Fed. R. Civ. P. 15(a).
[3] *Id.*
[4] *Id.*
[5] *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).
[6] *Foman v. Davis*, 371 U.S. 178, 182 (1952).
[7] *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

action with prejudice. Because "leave shall be freely given when justice so requires,"[8] Plaintiffs' Motion to Amend [Doc. 5] is **GRANTED**. Plaintiff is hereby **DIRECTED** to file the First Amended Complaint as a separate entry on the docket. "An amended complaint supersedes and replaces the original complaint."[9] Thus, Equifax's Motion to Dismiss [Doc. 3] Plaintiff's original complaint is **MOOT**. Equifax may move to dismiss again Plaintiff's First Amended Complaint.

**SO ORDERED,** this 7th day of January, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[8] Fed. R. Civ. P. 15(a).
[9] *Reynolds v. Behrman Capital IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021).